# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert G. Ginanni,**
**Respondent Below, Petitioner**

**FILED**

February 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0647** (Ritchie County 79-C-122)

**West Virginia Bureau of Child Support Enforcement,**
**Robin E. Dulaney, and Beverly Sue Hornish,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Robert G. Ginanni, by his guardian ad litem C. Blaine Myers, appeals the order of the Circuit Court of Ritchie County, entered May 8, 2014, denying his petition for appeal from two orders of the Family Court of Ritchie County.[1] The family court found that petitioner was in willful contempt of its prior orders, and that he had the ability to pay child support. Respondent West Virginia Bureau of Child Support Enforcement ("BCSE") appears by counsel Kimberly D. Bentley. Respondents Robin E. Dulaney and Beverly Sue Hornish did not file responsive pleadings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] According to an order provided in Respondent Bureau of Child Support Enforcement's supplemental appendix, the family court appointed a guardian ad litem, Brian Carr, for petitioner in the matter involving Respondent Dulaney in August of 2013, upon the family court's "finding that [petitioner's] behavior was such that he should not be entitled to appear by phone as his conduct was such that the hearing could not proceed." In addition, it appears that petitioner's treating physician certified that he had physical maladies that prevented him from appearing in person. According to the civil docket sheet, Mr. Carr was relieved of his responsibility approximately two weeks later, and Dean Furner was appointed. Approximately two and a half months later, after the entry of the contempt order in family court (at issue herein), petitioner requested that Mr. Furner be relieved of his duties. The court rescinded the order appointing Mr. Furner and appointed Judith McCullough. Within three weeks, Ms. McCullough asked to withdraw as guardian ad litem based on a conflict of interest. At that time, the court appointed Mr. Myers, the current guardian ad litem. It is unclear whether a similar pattern occurred in the matter involving Respondent Hornish.

1

Child support obligations were imposed upon petitioner payable to Respondent Hornish, pursuant to an order entered in 1976 ("Hornish matter"), and Respondent Dulaney ("Dulaney matter"), pursuant to an order entered in 1980.[2] The children who were to have benefitted from these obligations all reached the age of majority by the end of 1998. However, petitioner failed to meet his obligations prior to that time and the Family Court of Ritchie County entered judgment against him on April 7, 2005 (Dulaney matter), and June 16, 2005 (Hornish matter), in the amounts of $70,427.41 and $106,264.27, respectively, for principal and interest on child support arrearages.[3] The parties did not provide any meaningful income history for petitioner, but it is clear that he has had periods of incarceration and injury-related unemployment over the life of his obligations. Petitioner's only current source of income is a monthly benefits payment from the United States Department of Veterans Affairs, which is not subject to garnishment.[4] It is undisputed that petitioner has made no voluntary payments toward the child support obligations.

In May of 2013, Respondent BCSE filed petitions in each case asking the family court to hold petitioner in contempt for failure to pay child and spousal support. By separate orders entered on November 19, 2013, the family court found petitioner to be in contempt in each case, but provided petitioner the opportunity to purge himself of the contempt by paying $50.00 per month toward the arrearage owed to Respondent Hornish and $50 per month toward the arrearage owed to Respondent Dulaney, for a total of $100.00 per month. Petitioner appealed that order to the Circuit Court of Ritchie County. The circuit court entered an order on May 27,

---

[2] The parties have not included these orders in the appendix record on appeal, but no party disputes that the orders memorialized child support obligations. With regard to the appendix record on appeal, we note that the dates of entry for several family and circuit court orders are not accurately represented in the table of contents. We further note that the parties provided the docket sheet, as required by Rule 7(d)(7) of the Rules of Appellate Procedure, for the Dulaney matter, but did not provide a certified copy of the docket sheet for the Hornish matter.

[3] A substantial portion of each sum is accrued interest. It appears that a significant amount of the principal owed to each respondent has been intercepted from an inheritance, a workers' compensation award, and an income tax refund.

[4] The family court entered final orders on January 30, 2007 (Dulaney matter), and February 15, 2007 (Hornish matter), concerning a motion to release funds. Those orders were not included in the appendix record on appeal. Petitioner appealed those orders, and the circuit court entered orders on June 22, 2007 (Dulaney matter), and July 10, 2007 (Hornish matter), finding that recovery of the accrued arrearages was barred by the applicable statute of limitations. Respondent BCSE filed a motion for reconsideration of that order. Thereafter, petitioner filed a petition for writ of mandamus with this Court, prompting us to direct the circuit court to rule on the motion for reconsideration. Upon reconsideration, the circuit court found that the statute of limitations defense was not available. Petitioner filed a petition for appeal from that final order, and his petition was refused.

2014, jointly addressing the contempt orders.[5] The circuit court found no error on the part of the family court and affirmed the contempt orders. This appeal followed.

On appeal, petitioner raises two assignments of error. First, he argues that the circuit court erred in affirming the family court's finding that petitioner was in willful contempt for failing to comply with the prior child support orders. Second, petitioner argues that the circuit court erred in finding that he had the ability to pay his child support obligations. Petitioner challenges the circuit court's denial of his appeal from the adverse ruling of the family court. With regard to such appeals, we have held:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). *See also*, *Mark V.H. v. Dolores J.M.*, 232 W.Va. 378, 752 S.E.2d 409 (2013).

Taking petitioner's assignments of error together, we do not find the family court's findings of fact with regard to petitioner's ability to pay to be clearly erroneous; Petitioner's refusal to meet his obligations, therefore, reveals his willful contempt. Petitioner's guardian ad litem reported in December of 2013 that petitioner receives monthly income in the amount of $1,732.00 from the Veterans Administration. Though the guardian ad litem reports that petitioner's monthly expenses exceed that amount by several hundred dollars, there is no reliable evidence—testimony, affidavit, or otherwise—to support this assertion. Furthermore, the guardian ad litem reported that petitioner would begin receiving Social Security benefits upon reaching the age of sixty-two. Because petitioner was sixty-one     years old when the guardian ad litem filed his report, it is apparent that petitioner's income has since increased. As we stated in *State v. Lusk*, "[w]e acknowledge that [petitioner's] income and expenses did not leave a great deal of surplus. On the other hand, the payment of $50 per month . . . was quite modest" in comparison to the great sums owed each respondent. *See State v. Lusk*, 180 W.Va. 337, 340, 376 S.E.2d 351, 355 (1988).

For the foregoing reasons, we affirm.

Affirmed.

---

[5] The circuit court noted that petitioner's appeal to the circuit court was untimely, but proceeded to address the merits of the appeal. In the present appeal, the untimeliness issue is not raised.

**ISSUED:** February 27, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II